IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **JACK B. ROY, an individual**,<br><br>    Plaintiff,<br><br>    v.<br><br>**LABORERS' LOCAL 737, a domestic nonprofit mutual benefit corporation, and ZACKARY CULVER, an individual**,<br><br>    Defendants. | Case No. 3:18-cv-01695-YY<br><br>**ORDER** |

**IMMERGUT, District Judge.**

On November 6, 2020, Magistrate Judge Youlee Yim You issued her Findings & Recommendation ("F&R"), ECF 55, recommending that this Court grant Defendants' Motion for Summary Judgment, ECF 32, and dismiss this case with prejudice. Plaintiff timely filed objections to the F&R, ECF 57, and Defendants filed a response to those objections, ECF 58. After de novo review of the F&R, objections, and responses, this Court adopts the F&R in full as supplemented in this Order.

PAGE 1 – ORDER

**STANDARDS**

Under the Federal Magistrates Act ("Act"), as amended, the court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). If a party objects to a magistrate judge's F&R, "the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.* The district court may then "accept, reject, or modify" the recommended decision, "receive further evidence," or "recommit the matter to the magistrate judge with instructions." *Id.*; *see also* Fed. R. Civ. P. 72(b)(3).

**DISCUSSION**

Plaintiff Jack Roy brought suit against Defendants Laborers' Local 737 ("Local 737") and Zackary Culver, a business manager and secretary-treasurer of Local 737, alleging two claims: (1) a violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 623(a), against Local 737; and (2) a violation of Oregon age discrimination laws, ORS 659A.030(1)(a)–(c), against both Defendants. ECF 1 at ¶¶ 25–42. In her F&R, Judge You found there was no genuine issue of material fact regarding whether Plaintiff was terminated "because of" his age, recommending this Court grant summary judgment in Local 737's favor on Plaintiff's ADEA claim. ECF 55 at 13–27. Next, applying the same prima facie standard and *McDonnell Douglas* burden-shifting framework to Plaintiff's Oregon age discrimination law claims, Judge You found that Plaintiff's Oregon law claims failed for the same reasons his ADEA claim failed. *Id.* at 27–28. Noting these findings were dispositive, Judge You declined to address Defendants' remaining arguments for summary judgment. *Id.* at 28–29.

Plaintiff objects to Judge You's F&R on several grounds. First, Plaintiff argues that the F&R incorrectly recites the evidence favorably to Defendants. ECF 57 at 5–10. This Court disagrees, and adopts the F&R's recitation of the evidence, ECF 55 at 3–11, in full.

PAGE 2 – ORDER

Second, Plaintiff argues the F&R misunderstands the import of Plaintiff's evidence. ECF 57 at 10. Plaintiff contends that the F&R improperly identified two instances of alleged discrimination as untimely and subsequently failed to consider those instances as relevant evidence in Plaintiff's ADEA claim. *Id.* The Court finds this argument unpersuasive, as Judge You plainly considered all relevant evidence from these alleged instances of discrimination in her ADEA analysis. *See, e.g.,* ECF 55 at 7, 15, 22–23 (considering Zachary Culver's alleged remarks regarding Plaintiff's denied promotion to E-Board Recording Secretary).

Plaintiff next argues the F&R fails to recognize the significance of Defendants' multiple age-based comments. Plaintiff contends that Defendants' multiple remarks regarding Plaintiff's age constitute direct evidence of age discrimination. ECF 57 at 10–13. The Court disagrees and adopts the portion of the F&R discussing this evidence, ECF 55 at 13–20, in full. Plaintiff also asserts that the F&R improperly mischaracterized these statements as "stray remarks" and did not give them sufficient credence as evidence suggesting discrimination. ECF 57 at 13–16. Judge You found the Defendants' statements at issue were ambiguous and had no nexus to Plaintiff's termination, demonstrating at best weak circumstantial evidence of discriminatory animus. ECF 55 at 21–22, 23. The Court agrees with Judge You's assessment. *See Nesbit v. Pepsico, Inc.*, 994 F.2d 703, 705 (9th Cir. 1993) (holding a "comment [ ] uttered in an ambivalent manner and [ ] not tied directly to [plaintiff's] termination . . . is at best weak circumstantial evidence of discriminatory animus"); *Nidds v. Schindler Elevator Corp.*, 113 F.3d 912, 918–19 (9th Cir. 1996) (holding that an employer's use of the phrase "old timers" did not support an inference of discriminatory motive because its meaning was ambiguous and not tied directly to the plaintiff's termination).

Plaintiff further argues that the F&R wrongly credits Defendants' argued justification for Plaintiff's termination and fails to seriously consider the various pieces of evidence Plaintiff offers to show pretext for his termination. ECF 57 at 16–24. A plaintiff can demonstrate pretext in "either of two ways: (1) directly, by showing that unlawful discrimination more likely than not motivated the employer; or (2) indirectly, by showing that the employer's proffered explanation is unworthy of credence because it is internally inconsistent or otherwise not believable." *France v. Johnson*, 795 F.3d 1170, 1175 (9th Cir. 2015) (citation and quotation marks omitted). When assessing pretext, all of the evidence is to be considered cumulatively. *Raad v. Fairbanks North Star Borough School Dist.*, 323 F.3d 1185, 1194 (9th Cir. 2003).

The Ninth Circuit has previously held that where the evidence of pretext is circumstantial, rather than direct, it must be "specific" and "substantial." *Noyes v. Kelly Servs.*, 488 F.3d 1163, 1170 (9th Cir. 2007) (quoting *Godwin v. Hunt Wesson, Inc.*, 150 F.3d 1217, 1222 (9th Cir. 1998) (internal quotation marks omitted). In recent dicta, the Ninth Circuit questioned the continuing viability of this standard, without overruling it. *See France*, 795 F.3d at 1175 ("There is some question whether that distinction for circumstantial evidence is valid after the Supreme Court's *Costa* decision which placed direct and circumstantial evidence on an equal footing.") (discussing *Desert Palace, Inc. v. Costa*, 539 U.S. 90, 100 (2003)) (citations omitted). Regardless, as Judge You noted, ECF 55 at 23, the standard is "'tempered'" by the fact that "a plaintiff's burden to raise a triable issue of pretext is 'hardly an onerous one.'" *France*, 795 F.3d at 1175 (quoting *Earl v. Nielsen Media Research, Inc.*, 658 F.3d 1108, 1113 (9th Cir. 2011)).

PAGE 4 – ORDER

The Court finds that, viewing all of Plaintiff's evidence cumulatively, Plaintiff has failed to demonstrate a genuine issue of material fact regarding pretext either directly or indirectly, *see id.*, for the reasons discussed in Judge You's pretext analysis, ECF 55 at 23–27.[1]

Finally, Plaintiff argues that the F&R fails to apply the correct law for Plaintiff's Oregon discrimination claim. ECF 57 at 25. Plaintiff argues that Oregon law applies a "substantial factor" standard of causation for unlawful employment practices as opposed to the "but for" standard of causation used for federal claims. *Id.* Plaintiff raises this theory for the first time in his objections to the F&R.

A district court is well within its discretion in barring arguments raised for the first time in objections to a magistrate's F&R absent exceptional circumstances. *Greenhow v. Secretary of Health & Human Services*, 863 F.2d 633, 638–39 (9th Cir. 1988) (*overruled on other grounds by United States v. Hardesty*, 977 F.2d 1347, 1348 (9th Cir. 1992). Plaintiff provides no reason at all for failing to raise this issue in his initial summary judgment motion, let alone exceptional circumstances. No facts have changed nor was any new evidence presented that would excuse Plaintiff from raising this argument in the first instance. "[A]llowing parties to litigate fully their case before the magistrate and, if unsuccessful, to change their strategy and present a different theory to the district court would frustrate the purpose of the Magistrates Act." *Id.* at 638. Further, "the Magistrates Act was [not] intended to give litigants an opportunity to run one

---

[1] The Magistrate Judge's F&R assumes that Plaintiff can only succeed in showing pretext by demonstrating that Local 737's "proffered explanation is unworthy of credence because it is internally inconsistent or otherwise not believable," because Plaintiff provides only indirect evidence in support of his claim. ECF 55 at 23 (internal quotation marks and citation omitted). The Ninth Circuit, however, instructs courts to consider "all of the evidence" when analyzing pretext, "whether direct or indirect." *Shelley v. Geren*, 666 F.3d 599, 609 (9th Cir. 2012). Thus, Plaintiff can also demonstrate pretext "by showing that unlawful discrimination more likely than not motivated the employer," through his indirect evidence. Under either inquiry, however, this Court finds Plaintiff has not raised a genuine dispute of material fact.

PAGE 5 – ORDER

version of their case past the magistrate, then another past the district court." *Id.* For these reasons, the Court declines to address Plaintiff's arguments concerning the standard of proof for Plaintiff's Oregon law employment claims.

## CONCLUSION

The F&R, ECF 55, is adopted in full as supplemented in this Order. Defendants' Motion for Summary Judgment, ECF 32, is GRANTED, and this case is DISMISSED with prejudice.

**IT IS SO ORDERED**.

DATED this 4th day of February, 2021.

/s/ Karin J. Immergut
Karin J. Immergut
United States District Judge

PAGE 6 – ORDER