UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

JACK ROY, an individual,

        Plaintiff,

    v.

LABORERS' LOCAL 737, a domestic nonprofit mutual benefit corporation; ZACKARY CULVER, an individual,

        Defendants.

Case No. 3:18-cv-01695-YY

FINDINGS AND RECOMMENDATIONS

**FINDINGS**

Defendants have submitted an Amended Bill of Costs (ECF 63), seeking $2,451.16 for deposition transcript costs. Plaintiff does not oppose the amount or nature of those costs,[1] but seeks deferral of an award of costs while the case is pending appeal.

"If an appeal on the merits of the case is taken, the court may rule on the claim for fees, may defer its ruling on the motion, or may deny the motion without prejudice, directing under subdivision (d)(2)(B) a new period for filing after the appeal has been resolved." FED. R. CIV. P.

---

[1] In his opposition, plaintiff objected to videographer and *pro hac vice* costs. Opp. 3-4, ECF 65. However, at the hearing, plaintiff's counsel recognized that, while these costs were included in the original Bill of Costs (ECF 62), they were not included in the Amended Bill of Costs (ECF 63).

PAGE 1 – FINDINGS AND RECOMMENDATIONS

54, Advisory Committee Notes, 1993 Amendment. "[O]ther district courts within the Ninth Circuit have routinely applied this committee note to both claims for fees and claims for costs." *In re: Fresh & Process Potatoes Antitrust Litig.*, No. 4:10-MD-2186-BLW, 2016 WL 3919830, at *2 (D. Idaho July 18, 2016). Thus, this court has discretion to defer ruling on a cost bill until after an appeal is resolved. *In re Farmers Ins. Exch. Claims Representatives Overtime Pay Litig.*, No. MDL 33-1439(A), 2009 WL 3834034, at *3 (D. Or. Nov. 13, 2009).

At the hearing, plaintiff's counsel asked the court to exercise its decision to defer a ruling on costs pending appeal because, while this cost bill will not "bankrupt" plaintiff, it could result in enforcement and collections actions, which will be unnecessary if the court's decision is reversed on appeal. Defendants expressed no strong objection to deferring the cost bill pending appeal, and explained that they filed the cost bill to preserve their right to seek costs.

Plaintiff's claim arises out of the termination of his employment. Where there is no strong objection by defendant, and many individuals are facing financial hardship during these unusual pandemic conditions, it is reasonable under these circumstances to defer a decision on costs pending appeal.

## RECOMMENDATIONS

Plaintiff's Amended Cost Bill (ECF 63) should be deferred pending appeal.

## SCHEDULING ORDER

These Findings and Recommendations will be referred to a district judge. Objections, if any, are due Wednesday, May 12, 2021. If no objections are filed, then the Findings and Recommendations will go under advisement on that date.

If objections are filed, then a response is due within 14 days after being served with a copy of the objections.  When the response is due or filed, whichever date is earlier, the Findings and Recommendations will go under advisement.

**NOTICE**

These Findings and Recommendations are not an order that is immediately appealable to the Ninth Circuit Court of Appeals.  Any Notice of Appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of a judgment.

DATED  April 28, 2021.

/s/ Youlee Yim You<br>
Youlee Yim You<br>
United States Magistrate Judge